# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENNARO MATTIACCIO II  )
45 Pinto Lane  )
Stafford, Virginia 22556  )
Plaintiff  )
  )
  )
-vs-  ) Cause of Action No **1:12-cv-1249 (CKK)**
  )
DHA GROUP, INC., et al  )
Defendants  )

*Let this be filed*
*C*
*Judge Kolla-Kotelly*
*11/29/12*

## <u>MOTION FOR ENTRY OF DEFAULT JUDGEMENT</u>

COMES NOW, Gennaro Mattiaccio, who moves this Court for Default judgment and in support of said motion represents as follows:

    a. Defendants were served with the Complaint and Demand for Jury Trial on August 9, 2012 at 5:30 p.m. via Private Process Server.

    b. On or about August 27, 2012, Emily Harmon of Nixon Peabody, entered an appearance; sought an extension of time to respond to the complaint which the plaintiff agreed to and which the court granted.

    c. On or about September 19, 2012, defendants filed a Motion to Dismiss Count III of the complaint pursuant to ***FRCP Rule 12(b)6.*** However, the defendants failed to respond to any other of the claims set forth in the complaint.

## <u>ARGUMENT</u>

Rule 12(a) of the Federal Rules of Civil Procedure ordinarily requires the defendant in a civil case to serve an answer upon the plaintiff within 20 days after being served with a summons and complaint. <u>In</u> a state court action, the defendant also must file its answer with the court within that time, while the answer in a federal case must be filed within a reasonable time after being served upon the plaintiff. However, the time for answering the complaint is automatically



1

extended in both state and federal cases if the defendant instead serves upon the plaintiff a timely motion permitted under Rule 12, including a Rule 12(b) motion to dismiss the claim or claims asserted in the complaint. *See Ju Shu Cheung v. Dulles*, 16 F.R.D. 550, 552 (D. Mass. 1954); *State v. S5,500.00 in U.S. Currency*, 817 P.2d 960, 962-63(Ariz. Ct. App. 1991). In that event, the defendant has until 10 days after notice of the court's resolution of the motion to file an answer.

In an effort to narrow the scope of this action, the defendants elected to file a "partial motion to dismiss"—that is, one directed to only one of the claims asserted in the instant complaint.  However, Rule 12 does not specifically authorize such motions.

## ANALYSIS

The court in *Gerlach v. Michigan Bell Telephone Co.* 448 F. Supp. 1168 (E.D. Mich. 1978)[1], perceived itself to be the first court to address the impact of a partial motion to dismiss on the defendant's obligation to answer. *See id.* at 1174 ("[T]here appears to be no case law which addresses this issue."); *see also Bull HN Info. Sys., Inc. v. American Express Bank Ltd.*, 1990 Copyright L. Dec. (CCH) ¶ 26,555, at 23,280 (S.D.N.Y. 1990) (describing *Gerlach* as "the only case on point").

The defendant in that case moved to dismiss four of the six counts of the plaintiffs' complaint. The plaintiffs then moved for default judgment on the other two counts, to which the defendant had submitted no response.

The court described the issue before it in the following terms:

> **This motion raises the issue of whether [a] defendant must answer certain counts contained in a complaint within 20 days after the service of the summons and complaint, pursuant**

---

[1] *See Gerlach*, 448 F. Supp. at 1170. In federal cases, obtaining a default judgment is "a two-step process." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, "[t]he Clerk of Court is authorized to enter default when 'a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" *Ritts*, 989 F. Supp. At 1479 (quoting FED.R.CIV.P. 55(a)). In the second step of the process, "a default judgment may be obtained only by application to the court." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (quoting 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.03[2], at 55-21 (2ded 1994))

**to F.R.C.P. 12(a), even though the remaining counts of the complaint are the subject of a pending motion to dismiss and therefore need not be answered until 10 days after notice of the court's action on the motion, pursuant to F.R.C.P. 12(a)(1).**

The defendant argued that it should be permitted to narrow the scope of the litigation to those claims that were truly in dispute. The court agreed with this proposition but concluded that it did not warrant suspending the defendant's obligation to answer or otherwise delaying the litigation with respect to those counts of the complaint that were not the subject of the defendant's motion to dismiss. Articulating the reasoning underlying what is now recognized as the minority view, *See Finnegan v. University of Rochester Med Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998) "*Gerlach* ... appears to be in the minority among the courts that have addressed this issue.")  the *Gerlach* court stated: "Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b).

## CONCLUSION

For the foregoing reasons, the defendants, jointly, corporately, and individually, are in default as to Count2 1, 2, and 4 and therefore judgment should be granted in the amount requested in the plaintiff's *ad damnum* section of his complaint as well as costs.

GENNARO MATTIACCIO II