UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENNARO MATTIACCIO II,<br><br>   Plaintiff,<br><br>      v.<br><br>DHA GROUP, INC., *et al.*,<br><br>   Defendants. | Civil Action No. 12-1249 (CKK) |

**MEMORANDUM OPINION**
(December 11, 2012)

Plaintiff Gennaro Mattiaccio filed suit against his former employer DHA Group, Inc., David Hale, and Ami Getu (collectively "Defendants"), alleging violations of the Fair Credit Reporting Act, and accusing the Defendants of defamation. Compl., ECF No. [1], ¶¶ 31-64. The claims purportedly arise out of the post-employment background check performed on the Plaintiff and his subsequent termination. Presently before the Court is the Defendants' [7] Motion to Dismiss Count Three of the Complaint, seeking to dismiss the Plaintiff's defamation claim. Based on the pleadings[1] and the relevant legal authorities, the Court agrees that Count Three of the Complaint fails to state a claim for relief. Accordingly, the Defendants' [7] Motion to Dismiss Count Three of the Complaint is GRANTED. Count Three of the Complaint is DISMISSED WITHOUT PREJUDICE and the Plaintiff will be granted leave to amend his Complaint.

**I. BACKGROUND**

In relevant part, the Complaint alleges that the Plaintiff was hired as the Lead Proposal

---

[1] See Defs.' Mot. to Dismiss, ECF No. [7]; Pl.'s Opp'n, ECF No. [8]; Defs.' Reply, ECF No. [10].

Manager for DHA Group in July 2011.  Compl. ¶¶ 10-11.  On two occasions in May 2012, the Plaintiff met with Defendant Ami Getu, the Manager of Human Resources for DHA Group, to discuss "a complaint against personnel at the company."  *Id.* at ¶¶ 20-21.  The afternoon following the second meeting, the Plaintiff alleges he was placed on indefinite administrative leave.  *Id.* at ¶ 22.  On May 30, 2012, DHA Group terminated the Plaintiff's employment on the grounds he was "far less than candid with DHA with respect to important and relevant aspects of your background and experience."  Compl., Ex. E (5/30/12 Termination Ltr) at 1.  Specifically, the termination letter and associated report transmitted to the Plaintiff asserted that (1) the Plaintiff failed to disclose three prior convictions, including one for assault and battery; (2) there were inconsistencies between versions of the Plaintiff's resume provided to DHA and stored on the Plaintiff's DHA Group-issued laptop; and (3) pornographic materials, some of which involved children, were recovered from the Plaintiff's DHA Group-issued laptop.  *Id.*; Compl., Ex. F (Prelim. Invest. Report).  The Plaintiff alleges that the Defendants knew the Plaintiff had never been convicted of assault and battery and that the Plaintiff never maintained child pornography on his computer, but intentionally "caus[ed] the report to be published."  Compl. ¶ 50.  In terms of publication, the Plaintiff alleges only that "[on] personal knowledge, the letter was published to numerous individuals within DHA Group."  *Id.* at ¶ 25.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted."  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citation omitted). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009). In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by [the parties]." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C.2011) (citations omitted). "At the motion to dismiss stage, counseled complaints, as well as pro se complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

### III. DISCUSSION

A defamation claim requires the Plaintiff to show:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1088 (D.C. Cir. 2007).  The Defendants' motion concerns only the second criterion: the sufficiency of the Plaintiff's allegations regarding the publication of the purportedly defamatory letter and report.  Although the D.C. Circuit has not adopted a heightened pleading standard for defamation claims generally, courts have routinely held that a complaint alleging must plead "the time, place, content, speaker, and listener of the alleged defamatory matter."  *Stovell v. James*, 810 F. Supp. 2d 237, 248 (D.D.C. 2011) (quoting *Caudle v. Thomason*, 942 F. Supp. 635, 638 (D.D.C. 1996)); *accord Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 6 (D.D.C. 2011).

In reference to publication of the purportedly defamatory letter and report, the Complaint alleges only that (1) the Defendants "caus[ed] the report to be published," Compl. ¶ 50; and (2) that "[on] personal knowledge, the letter was published to numerous individuals within DHA Group," *id.* at ¶ 25.  The letter itself is dated May 30, 2012, but the Complaint provides no details regarding when or how the letter was "published,"—even whether it was before or after the Plaintiff's termination—or which "DHA employees" received the letter.  These vague allegations do not provide the Defendants sufficient notice of the Plaintiff's claim as necessary for the Defendants to prepare responsive pleadings.  *Tressler*, 819 F. Supp. 2d at 6.

As part of his opposition to the Defendants' motion, the Plaintiff attaches a declaration stating that "all members of the Management Council were required to review [termination letters] prior to termination," and that the same policy would apply to the letter at the center of the Plaintiff's defamation claim.  Mattiaccio Decl., ECF No. [8], ¶ 4.  The Plaintiff further

4

alleges that the DHA Group Chief Operating Officer Bryan Lutz participated in the telephone call on May 30, 2012, during which Defendant Getu terminated the Plaintiff's employment. *Id*. at ¶ 8.[2] The Plaintiff's declaration provides significantly more detail that is critical to the Defendants in formulating their answers: (1) the approximate time of publication (prior to the Plaintiff's termination); (2) the means of publication (distribution by Ami Getu); and (3) the recipients (the Management Council). However, the Plaintiff cannot amend his Complaint by way of declaration or assertions in his pleadings. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003). Thus, the Defendants' motion must be granted, but the Plaintiff shall have the opportunity to properly amend his Complaint.

## IV. CONCLUSION

For the reasons stated above, the Court finds the Plaintiff's Complaint fails to state a claim for defamation. The Complaint fails to allege the time and means of publication, or who received the defamatory statement at issue, and thus does not provide the Defendants with adequate notice and sufficient detail from which they can prepare responsive pleadings. The Plaintiff cannot amend his Complaint to include additional detail by way of his opposition to the Defendant's motion. Accordingly, the Defendants' [7] Motion to Dismiss Count Three of the Complaint is GRANTED. Count Three of the Complaint is DISMISSED WITHOUT PREJUDICE and the Plaintiff is granted leave to amend his Complaint. An appropriate Order accompanies this Memorandum Opinion.

   */s/*
   **COLLEEN KOLLAR-KOTELLY**
   UNITED STATES DISTRICT JUDGE

---

[2] The Complaint itself did not disclose the telephone call, much less the relevant participants.