IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENNARO MATTIACCIO II<br>45 Pinto Lane<br>Stafford, Virginia 22556<br>Plaintiff<br><br>-vs-<br><br>DHA GROUP, INC., et al<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>) Cause of Action No **1:12-cv-1249 (CKK)**<br>)<br>)<br>)<br>) |

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

**COMES NOW,** the Plaintiff, Gennaro Mattiaccio, who makes application to this court pursuant to *Rule 65, Federal Rules of Civil Procedure,* for an order enjoining the defendants, jointly and severally from releasing information alleging that the Plaintiff possessed child pornography on his computer as to do so would result in irreparable harm. Further, Plaintiff requests an *in camera* inspection of the images which purportedly contain child pornography and if so found, order their release to a Law Enforcement Agency.

## PRELIMINARY STATEMENT

This matter is before the Court alleging violations of the Fair Credit Reporting Act and Defamation. In recent days, information has come to light that Defendants have coordinated with Tammy Waugh, the mother of plaintiff's child, and sought to release the information contained in his personnel file as well as the so called child pornography. A subpoena has been issued in State Court for the materials.[1]

---

[1] Plaintiff is the father of William Giovanni Waugh. Tammy Waugh is his mother. He is involved in an acrimonious custody battle with the child's mother, Tammy Waugh. In 2001, Ms. Waugh attempted to kill herself, and the minor child. Subsequently she was committed to a Psychiatric Hospital and remains under intense psychotherapy. In any event, releasing this false information would cause immeasurable harm to the plaintiff.

1

MAR - 4 2013

## ARGUMENT
## IRREPARABLE HARM IS IMMINENT

Defendants allege that Plaintiff had images of child pornography on his company issued laptop computer. For reasons known only to the Defendants, they reported this to the mother and now Plaintiff faces a hearing on June 18, 2013. In the state court action, the mother has caused to be issued a *subpoena duces tecum* for the Plaintiff's records[2].

There are few things in this world which can destroy ones reputation faster than an allegation of child pornography, especially when this false allegation is used in a child custody matter.

A Restraining Order under *Rule 65* is appropriate upon a showing that there is an immediate threat of irreparable harm, injury, loss, or damage to the applicant if the conduct of the opposing party is not retrained until a hearing can be held on an application for a preliminary injunction. (*See Granny Goose Foods Inc. v. Brotherhood of Teamsters & Auto Truck Drivers 415 US 423, 94 SCt 1113, 39 LE2d 435 (1974)*)

Issuing this order will not harm or injure the Defendants. Nor will it act as a determination of the case on the merits. *(See Intl Association of Machinists v. Natl Railroad Labor Conference, 310 FSupp 904 (D DC 1970)*

## CONCLUSION

For the foregoing reasons, Plaintiff prays that the Defendant's be enjoined from releasing any information about this case, and that this court conduct an *in camera* inspection of the images purported to contain the child pornography.

*[signature]*

Gennaro Mattiaccio II
45 Pinto Lane
Stafford, Virginia 22556
(703) 595-1179

---

[2] Despite numerous requests, Defendants have refused to provide the laptop to Law Enforcement Personnel.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of February 2013, I mailed a copy of the foregoing to the Defendants, through their counsel of record, via electronic mail, at the following address:

Emily Crandall Harlan (Bar No. 989267)
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004-2128
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
eharlan@nixonpeabody.com

Gennaro Mattiaccio II
45 Pinto Lane
Stafford, Virginia 22556
(703) 595-1179