IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENNARO MATTIACCIO II,         ) | |
|                          ) | |
|             Plaintiff,    ) | |
|                          ) | **No. 1:12-cv-1249 (CKK)** |
| v.                         ) | |
|                          ) | |
| DHA GROUP, INC.,        ) | |
| DAVID HALE, and         ) | |
| AMI GETU,                ) | |
|                          ) | |
|             Defendants.   ) | |

## MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Gennaro Mattiaccio respectfully moves this Court pursuant to Federal Rules of Civil Procedure 7(b) and 26(c), and pursuant to 8(d) of the Parties' Joint Status Report filed in this action on March 20, 2013, for entry of the attached Stipulated Protective Order limiting the use and disposition of certain information and documents. Discovery in this action may yield documents and information of a sensitive and confidential nature, including business, commercial, personnel records, financial, and trade secret information of the parties, their subsidiaries, and third parties to this action. As a result, the attached protective order, previously agreed to by the defendants, who now take exception as they believe the Federal Protective Order should not preclude the defendants from releasing protected material in the state court proceeding in Orange County, Virginia. The parties previously agreed to a standard protective order (See attached order Exhibit A, and email communications, Exhibit B between the parties)

Defendants want to allow an exception in the protective order to assist the son of plaintiff's mother in obtaining material in his personnel file while every other employee's

personnel file would be protected. This court should not entertain such an action.  (See Exhibit

C, Defendants revised proposed Protective Order)


Relying on the courts previous ruling in the Motion for a Temporary Restraining Order,

defendants believe there should be an exception to the Protective Order for any materials sought

in a state court proceeding. This exception sought by the defendants is would allow an end run

around the Protective Order to allow them the opportunity to submit documents, which would

otherwise be protected in the Federal proceeding, in the State Court in Orange County, Virginia.

For over a month, plaintiff was assured by defense counsel on three separate occasions that the

attached order (Exhibit A) was sufficient, agreed to, and that she was presenting it to the court

for signature, as is.  After plaintiff began to push the issue of why the court had not received the

motion and order, defense counsel on April 25, 2013 stated she could not agree to a stipulated

order since it did not contain the provision which would allow plaintiff's sons mother to obtain

documents which would clearly fall under the scope of the protective order. [1]  Although this

court ruled that it could not interfere with the state subpoena request, the defendants now want

this court to modify a standard Federal Protective Order to fit the needs of the state subpoena.

The defendants should not be allowed to have their cake and eat it as well.


Finally, plaintiff respectfully requests a cautionary instruction to defense counsel

regarding cooperating with parties in this litigation. If the undersigned cannot rely on defense

---

[1] When the parties appeared before the court for its initial conference, the court asked about a Protective Order.
Specifically, the court stated, *inter alia* that "….such documents as **personnel files** would be protected under a
protective order….." This is the exact documents that Tammy Waugh, the mother of plaintiff's son is requesting in
the state proceeding in Orange County, Virginia.

counsels representation that she is submitting matters to the court, especially when made three times, I would request that she be sanctioned.


For the foregoing reasons, the undersigned respectfully request this court enter the attached Protective Order ,(E+ A) and that he be granted such other and further relief the nature of this case may require.

Respectfully submitted,

GENNARO MATTIACCIO
45 PINTO LANE
STAFFORD, VIRGINIA 22556
(703) 595-1179

## CERTIFICATE OF SERVICE


I hereby certify that on the 25th day of April, 2013, I mailed a copy of the foregoing to the Defendants, through their counsel of record, at the following address:

Emily Crandall Harlan (Bar No. 989267)
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004-2128
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
charlan@nixonpeabody.com

Gennaro Mattiaccio II

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GENNARO MATTIACCIO II,                  )
                                        )
          Plaintiff,                    )
                                        )      No.  1:12-cv-1249 (CKK)
v.                                      )
                                        )
DHA GROUP, INC.,                        )
DAVID HALE, and                         )
AMI GETU,                               )
                                        )
          Defendants.                   )

## JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Plaintiff Gennaro Mattiaccio II and Defendants DHA Group Inc., David Hale, and Ami

Getu, by and through undersigned counsel, respectfully move this Court pursuant to Federal

Rules of Civil Procedure 7(b) and 26(c), and pursuant to 8(d) of the Parties' Joint Status Report

filed in this action on March 20, 2013, for entry of the attached Stipulated Protective Order

limiting the use and disposition of certain information and documents.  Discovery in this action

may yield documents and information of a sensitive and confidential nature, including business,

commercial, financial, and trade secret information of the parties, their subsidiaries, and third

parties to this action.  As a result, the parties have agreed to the attached proposed Stipulated

Protective Order, and request that the Court enter it in this case.

Dated:  April ____, 2013                       Respectfully submitted,


*/s/ Gennaro Mattiaccio II*                    */s/ Emily Crandall Harlan*
45 Pinto Lane                                  Emily Crandall Harlan (Bar No. 989267)
Stafford, Virginia  22556                      NIXON PEABODY LLP



Telephone:  (703) 595-1179
jmattiaccio@richmondgroupintl.com

*Pro Se Plaintiff*

401 9th Street, N.W., Suite 900
Washington, D.C. 20004-2128
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
charlan@nixonpeabody.com

*Counsel for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GENNARO MATTIACCIO II,       )
45 Pinto Lane                 )
Stafford, Virginia 22556     )
Plaintiff                    )
                          )
-vs-                      )   Cause of Action No **1:12-cv-1249 (CKK)**
                          )
DHA GROUP, INC.,          )
DAVID HALE, and          )
AMI GETU,               )
                          )
Defendants.            )

### STIPULATED PROTECTIVE ORDER

     The parties intend to serve and respond to discovery devices in connection with the above-captioned action. The parties contend that some of the materials to be produced in response to such devices may contain confidential information and/or may be subject to restrictions on use, and have agreed to provide protection for such material. Accordingly, it is ORDERED that this Stipulated Protective Order ("Order") shall protect material as follows:

     **1.**    **Scope.** This Order shall apply, as needed, to all documents produced in the course of discovery, including but not limited to, initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter collectively "documents"). As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

     **2.**    **Form and Timing of Designation**. A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents may be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents, or, if a document is produced without marking but later determined to be confidential, it may be so designated after production upon notification to the other party in a communication that identifies the production number(s) of the document. The designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.



**3.     Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, financial information, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

**4.     Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be effected in the following manner: (i) during the deposition, by noting a designation of confidentiality as soon as reasonably practicable after the attorney or *pro se* party making the designation becomes aware that a question or line of questions has elicited, or is likely to elicit, confidential information, or that a witness has revealed or is likely to reveal confidential information; or (ii) by written notice following receipt of the transcript of a deposition, served on all parties within 30 days of receipt and specifying the pages or portions of the transcript that are to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

[Jerry, I removed this because I do not think we need it, and because parts of it are covered elsewhere. If you still think it needs to be included, let's discuss.]

**5.     Disclosure of Confidential Material**.

**(a)     General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) below for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b)     Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

**(1)     Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

**(2)     Parties.** Parties and employees of a party to this Order, including party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order;

**(3)     Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

2

(4)      **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5)      **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)      **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d)      **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER if the phrase does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents unless those indices, electronic databases or lists contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e)      **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

6.      **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a)      Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b)      Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a

sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney or *pro se* party who has filed the documents on the front of the envelope.  A copy of any document filed under seal shall also be delivered to the Judge's chambers.

          **(c)**     To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court.  In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version.  The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.  The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above.  A copy of the unredacted pleading also shall be delivered to the Judge's chambers.

          **(d)**     If the District Court or Judge has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

       **7.**     **Challenges by a Party to Designation as Confidential.**  Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party").  Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

       **8.**     **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Civil Rule 7 and any other procedures set forth in the Judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

       **9.**     **Use of Confidential Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

       **10.**     **Obligations on Conclusion of Litigation**.

**(a)** **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)** **Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**11.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Civil Rule 7 and the Judge's standing orders or other relevant orders.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**13.** **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Entered this _____ day of _____, 2013.

Respectfully submitted,

5

/s/ Gennaro Mattiaccio II
45 Pinto Lane
Stafford, Virginia  22556
Telephone:  (703) 595-1179
jmattiaccio@richmondgroupintl.com

*Pro Se Plaintiff*

/s/ Emily Crandall Harlan
Emily Crandall Harlan (Bar No.  989267)
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C.  20004-2128
Telephone: (202) 585-8000
Facsimile: (202) 585-8080
eharlan@nixonpeabody.com

*Counsel for Defendants*

## Jerry Mattiaccio

| | |
|---|---|
| **From:** | Harlan, Emily <eharlan@nixonpeabody.com> |
| **Sent:** | Friday, April 12, 2013 10:46 AM |
| **To:** | Jerry Mattiaccio |
| **Subject:** | RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan |
| **Attachments:** | FIRM_DM-#14392403-v3-Mattiaccio_v__DHA_-_Protective_Order.doc; FIRM_DM-#14394383-v1-Attachment_A_-_Agreement_to_Be_Bound.DOC; FIRM_DM-#14415117-v1-DHA_-_Motion_for_Entry_of_Protective_Order.DOC |

Jerry,

Here is the protective order with the new provision added. I also drafted a brief joint motion to accompany the order, which I attach for your review as well.

We are all set to file the Joint Discovery Plan, yes?

Emily

**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 11, 2013 4:46 PM
**To:** Harlan, Emily
**Subject:** RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Yes to Q#1.

I think adding the language in a separate paragraph makes sense. If you can do that and send it to me for final, I will shoot it out to you. Thanks

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 11, 2013 4:22 PM
**To:** Jerry Mattiaccio
**Subject:** Re: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Jerry,

Yes, that sentence was missing the word "extent" -- thanks. I will add it and file the Discovery Plan tomorrow.

As for the Protective Order, is the purpose of that language to give us the ability to create an additional level of confidentiality, if needed, that would be more limited in disclosure than what we are already proposing? If so, maybe we can add a new subparagraph to the Disclosure section and indicate that it would also include deposition testimony as needed. But please let me know what you intended if I've misunderstood that language.

Emily

On Apr 11, 2013, at 1:17 PM, "Jerry Mattiaccio" <jmattiaccio@richmondgroupintl.com> wrote:



## Jerry Mattiaccio

**From:** Harlan, Emily <eharlan@nixonpeabody.com>
**Sent:** Friday, April 12, 2013 6:00 PM
**To:** Jerry Mattiaccio
**Subject:** RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Yes, I will file these electronically.

Emily

**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Friday, April 12, 2013 5:58 PM
**To:** Harlan, Emily
**Subject:** RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

I am fine with the enclosures as they are. Are you going to electronically file them as well?

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Friday, April 12, 2013 10:46 AM
**To:** Jerry Mattiaccio
**Subject:** RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Jerry,

Here is the protective order with the new provision added. I also drafted a brief joint motion to accompany the order, which I attach for your review as well.

We are all set to file the Joint Discovery Plan, yes?

Emily

**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 11, 2013 4:46 PM
**To:** Harlan, Emily
**Subject:** RE: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Yes to Q#1.

I think adding the language in a separate paragraph makes sense. If you can do that and send it to me for final, I will shoot it out to you. Thanks.

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 11, 2013 4:22 PM
**To:** Jerry Mattiaccio
**Subject:** Re: Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Jerry,

Yes, that sentence was missing the word "extent" -- thanks.  I will add it and file the Discovery Plan tomorrow.

As for the Protective Order, is the purpose of that language to give us the ability to create an additional level of confidentiality, if needed, that would be more limited in disclosure than what we are already proposing? If so, maybe we can add a new subparagraph to the Disclosure section and indicate that it would also include deposition testimony as needed.  But please let me know what you intended if I've misunderstood that language.

Emily


On Apr 11, 2013, at 1:17 PM, "Jerry Mattiaccio" <jmattiaccio@richmondgroupintl.com> wrote:

OK I am good to go with two exceptions. On the JDP, please look at paragraph 4. There is a word missing. I believe the word is "extent" but this is your writing so I don't want to assume.

Second, as to the PO, I am unclear why you don't want the text in para 4. Even though it is also highlighted throughout the document, I thought we still needed it to highlight that it pertains to depositions. Unless we word the other paragraphs so that the protection applies to all forms of discovery. Let me know your thoughts.

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Friday, April 05, 2013 5:34 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Jerry,

Attached are two files:

1) A proposed joint discovery plan summarizing our conversation this morning, and
2) The draft protective order with suggested revisions.  (You should be able to see the edits in tracked changes – if that's not the case, please let me know.)

Thanks, and have a nice weekend.
Emily


Emily Crandall Harlan
Nixon Peabody LLP
401 9th Street, NW, Suite 900
Washington, DC 20004
(202) 585-8217
(866) 905-3735 (fax)
eharlan@nixonpeabody.com



## Jerry Mattiaccio

| | |
|---|---|
| **From:** | Harlan, Emily <eharlan@nixonpeabody.com> |
| **Sent:** | Thursday, April 18, 2013 9:18 PM |
| **To:** | Jerry Mattiaccio |
| **Subject:** | Re: Protective Order |

Jerry,

I have not yet, but expect to be able to file it tomorrow.  I will send you a file-stamped copy once it's filed.

Thanks,
Emily

On Apr 18, 2013, at 8:05 PM, "Jerry Mattiaccio" <jmattiaccio@richmondgroupintl.com> wrote:

Emily,

Have you filed the PO yet?

*Jerry Mattiaccio*

1

OK I am good to go with two exceptions. On the JDP, please look at paragraph 4. There is a word missing. I believe the word is "extent" but this is your writing so I don't want to assume.

Second, as to the PO, I am unclear why you don't want the text in para 4. Even though it is also highlighted throughout the document, I thought we still needed it to highlight that it pertains to depositions. Unless we word the other paragraphs so that the protection applies to all forms of discovery. Let me know your thoughts.

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Friday, April 05, 2013 5:34 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** Mattiaccio v. DHA - Drafts of Protective Order and Joint Discovery Plan

Jerry,

Attached are two files:

1) A proposed joint discovery plan summarizing our conversation this morning, and
2) The draft protective order with suggested revisions.  (You should be able to see the edits in tracked changes – if that's not the case, please let me know.)

Thanks, and have a nice weekend.
Emily


Emily Crandall Harlan
Nixon Peabody LLP
401 9th Street, NW, Suite 900
Washington, DC 20004
(202) 585-8217
(866) 905-3735 (fax)
eharlan@nixonpeabody.com



## Jerry Mattiaccio

**From:** Jerry Mattiaccio <jmattiaccio@richmondgroupintl.com>
**Sent:** Thursday, April 25, 2013 3:50 PM
**To:** 'Harlan, Emily'
**Subject:** RE: Protective Order

Emily, I am also very disappointed that for over a month you have been telling me you agree to this order as it was and then were going to submit it and I have had to constantly follow up with you each time assuring me that you were submitting the stipulated order to the court

I apologize if you think the email was hostile. I actually was laughing at your fortitude in sending your original email, when I wrote it. I highly doubt you would encourage your client to sign off on such a thing

Jerry Mattiaccio
Proprietor
Rock Hill Honey Bee Farms
45 Pinto Lane
Stafford, Virginia 22556
www.rockhillhoneybeefarms-inc.com
(703) 595-1179-Jerry
(540) 842-0678-Sydney
A Service Disabled Veteran Owned Business
Connect with us on Facebook!!

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 25, 2013 2:51 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** RE: Protective Order

Jerry,

Apologies if you get this twice -- I am out of state on business and experiencing spotty Internet service.

I am confused by the aggressive tone of your email and frankly am not sure what you mean. As this is an order that will be entered by the court, we want to make sure it is as clear as possible, hence the clarifications in the latest draft.  Please let me know if you are ok with the revisions in the document I sent. To be clear, we do not consent to entry of any joint document until these issues are addressed.

Emily

On Apr 25, 2013, at 12:19 PM, "Jerry Mattiaccio" <jmattiaccio@richmondgroupintl.com> wrote:

Emily, I am not as dumb as I look. You know better. It pertains to all documents.   Please submit the original motion and paperwork. Thank you

Jerry Mattiaccio

1



**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 25, 2013 12:39 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** RE: Protective Order

Jerry,

Attached please see a few additions to the proposed protective order that we need to finalize before we can file.

Recalling the court's order stating that it did not have jurisdiction to handle the subpoena in the Orange County case, I've added a brief paragraph (para. 6 in the attached) to spell out that this protective order does not apply to material produced in response to subpoenas or orders in other litigation.

I also made minor revisions to paragraphs 1 and 5, as you'll see in the attached.

Emily


**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 25, 2013 5:33 AM
**To:** Harlan, Emily
**Subject:** Protective Order

Emily,

Please advise if you have submitted the motion and PO to the court. If it has not been done by COB tomorrow, I will forward the signed motion and PO to the court. Thanks.

*Jerry Mattiaccio*



## Jerry Mattiaccio

| | |
|---|---|
| **From:** | Harlan, Emily <eharlan@nixonpeabody.com> |
| **Sent:** | Thursday, April 25, 2013 12:39 PM |
| **To:** | jmattiaccio@richmondgroupintl.com |
| **Subject:** | RE: Protective Order |
| **Attachments:** | FIRM_DM-#14392403-v3-Mattiaccio_v__DHA_-_Protective_Order.doc |

Jerry,

Attached please see a few additions to the proposed protective order that we need to finalize before we can file.

Recalling the court's order stating that it did not have jurisdiction to handle the subpoena in the Orange County case, I've added a brief paragraph (para. 6 in the attached) to spell out that this protective order does not apply to material produced in response to subpoenas or orders in other litigation.

I also made minor revisions to paragraphs 1 and 5, as you'll see in the attached.

Emily


**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 25, 2013 5:33 AM
**To:** Harlan, Emily
**Subject:** Protective Order

Emily,

Please advise if you have submitted the motion and PO to the court. If it has not been done by COB tomorrow, I will forward the signed motion and PO to the court. Thanks.

*Jerry Mattiaccio*



## Jerry Mattiaccio

**From:** Harlan, Emily <eharlan@nixonpeabody.com>
**Sent:** Thursday, April 25, 2013 4:49 PM
**To:** Jerry Mattiaccio
**Subject:** RE: Protective Order

Jerry,

I would really like to work with you, as the court instructed us to do at the hearing in March, despite your unwarranted tone.  Do you oppose all of the changes in the draft, or some? Can you be more specific? If we can isolate what is in dispute, then I think we can better narrow any issues we would have to present to the court.

Paragraph 6 is a standard protective order term.  If your position is that the protective order in this case should bind us in other matters, we can't agree to that.  This order pertains to this case and I just don't think it's possible, as a matter of law, to have the order bind us in other matters.

This is a joint motion, which means that the parties must agree on it.  We do not consent to filing without resolution of these issues. You are of course free to file your own document, but you do not have my authorization to file any document with the court that bears my name in the signature block.

If we can't work out these issues, we can always file separate motions, but I'd like to try to resolve this between us, or at least narrow the dispute, before involving the court, as the court has encouraged us to do.

Emily

**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 25, 2013 2:18 PM
**To:** Harlan, Emily
**Subject:** RE: Protective Order

I will be filing a motion in person at the courthouse in the morning along with your stipulated motion prepared previously.  You know what you are saying is inaccurate.  Thanks

Jerry Mattiaccio

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 25, 2013 2:51 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** RE: Protective Order

Jerry,

Apologies if you get this twice -- I am out of state on business and experiencing spotty Internet service.

I am confused by the aggressive tone of your email and frankly am not sure what you mean. As this is an order that will be entered by the court, we want to make sure it is as clear as possible, hence the clarifications in the latest draft.  Please let me know if you are ok with the revisions in the document I sent. To be clear, we do not consent to entry of any joint document until these issues are addressed.

Emily

On Apr 25, 2013, at 12:19 PM, "Jerry Mattiaccio" <jmattiaccio *a* richmondgroupintl.com> wrote:

Emily, I am not as dumb as I look. You know better. It pertains to all documents.   Please submit the original motion and paperwork. Thank you

Jerry Mattiaccio
😊

**From:** Harlan, Emily [mailto:eharlan@nixonpeabody.com]
**Sent:** Thursday, April 25, 2013 12:39 PM
**To:** jmattiaccio@richmondgroupintl.com
**Subject:** RE: Protective Order

Jerry,

Attached please see a few additions to the proposed protective order that we need to finalize before we can file.

Recalling the court's order stating that it did not have jurisdiction to handle the subpoena in the Orange County case, I've added a brief paragraph (para. 6 in the attached) to spell out that this protective order does not apply to material produced in response to subpoenas or orders in other litigation.

I also made minor revisions to paragraphs 1 and 5, as you'll see in the attached.

Emily

**From:** Jerry Mattiaccio [mailto:jmattiaccio@richmondgroupintl.com]
**Sent:** Thursday, April 25, 2013 5:33 AM
**To:** Harlan, Emily
**Subject:** Protective Order

Emily,

Please advise if you have submitted the motion and PO to the court. If it has not been done by COB tomorrow, I will forward the signed motion and PO to the court. Thanks.

*Jerry Mattiaccio*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

GENNARO MATTIACCIO II.          )
45 Pinto Lane                   )
Stafford, Virginia 22556        )
                                )
Plaintiff                       )
                                )
-vs-                            )   Cause of Action No. 1:12-cv-1249 (CKK)
                                )
DHA GROUP, INC.,                )
DAVID HALE, and                 )
AMI GETU,                       )
                                )
Defendants.                     )

DEFENDANTS REVISED PROTECTIVE ORDER WHICH PLAINTIFF DOES NOT          •          **Formatted:** Centered
BELIEVE REPRESENTS THE AGREEMENT OF THE PARTIES

### STIPULATED PROTECTIVE ORDER

The parties intend to serve and respond to discovery devices in connection with the above-captioned action. The parties contend that some of the materials to be produced in response to such devices may contain confidential information and/or may be subject to restrictions on use, and have agreed to provide protection for such material. Accordingly, it is ORDERED that this Stipulated Protective Order ("Order") shall protect material as follows:

1.    **Scope.** This Order shall apply, as needed, to all hard copy and electronic documents produced in the course of discovery, including but not limited to, initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom, and to any information derived from such documents (hereinafter collectively "documents"). As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.    **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

1

EX C

3.    **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, financial information, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

4.    **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be effected in the following manner: (i) during the deposition, by noting a designation of confidentiality as soon as reasonably practicable after the attorney or *pro se* party making the designation becomes aware that a question or line of questions has elicited, or is likely to elicit, confidential information, or that a witness has revealed or is likely to reveal confidential information; or (ii) by written notice following receipt of the transcript of a deposition, served on all parties within 30 days of receipt and specifying the pages or portions of the transcript that are to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.

5.    **Disclosure of Confidential Material**

(a)    **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) below for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)    **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

(1)    **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2)    **Parties.** Parties and employees of a party to this Order, including party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order;

(3)    **The Court.** The Court and court personnel.

**Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER if the phrase does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents unless those indices, electronic databases or lists contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Fed. R. Evid. 502.

(f) **Additional Protection as Needed.** If the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, disclosure of which would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection, "FOR ATTORNEY'S EYES ONLY," that prohibits disclosure of such documents or information beyond counsel for the parties. This provision shall be available for both documents and deposition testimony (including exhibits).

6. **Material Ordered Produced or Subpoenaed in Other Litigation.** This Order shall not apply to productions of documents required by subpoena, judicial or governmental order, or other process issued in other litigation. If a party receives a subpoena, judicial or governmental order, or other process issued in other litigation that compels the disclosure of items designated in this action as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, that party shall promptly notify the designating party and include a copy of the subpoena, judicial

3

or governmental order, or other process. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena, judicial or governmental order, or other process issued in another action.

**Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** To the extent that a brief, memorandum or pleading references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

(a)     Before any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b)     Where agreement is not possible or adequate, before a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document is filed with the Clerk, it shall be placed in a sealed envelope marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER DOCUMENTS," displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney or *pro se* party who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the Judge's chambers.

(c)     To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the Judge's chambers.

(d)     If the District Court or Judge has developed an alternative method for the electronic filing of documents under seal, then the parties shall follow this alternative method and shall not file any documents or pleadings manually with the Clerk of Court.

**Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

4

**Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Civil Rule 7 and any other procedures set forth in the Judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

**Use of Confidential Documents or Information at Trial.**  All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**Obligations on Conclusion of Litigation.**

**(a)  Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)  Return of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER Documents.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents.

**(c)  Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing

concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Civil Rule 7 and the Judge's standing orders or other relevant orders.

      **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED this _____ day of _____, 2013.

_____
Colleen Kollar-Kotelly
United States District Judge

Approved for Entry By:

/s/ Gennaro Mattiaccio II
45 Pinto Lane
Stafford, Virginia  22556
Telephone:  (703) 595-1179
mattisaccio.richmondgrouping.com

*Pro Se Plaintiff*

/s/ Emily Crandall Harlan
Emily Crandall Harlan (Bar No.  989267)
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C.  20004-2128
Telephone:  (202) 585-8000
Facsimile:  (202) 585-8080
eharlan@nixonpeabody.com

*Counsel for Defendants*

6