UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GENNARO MATTIACCIO II,

   Plaintiff,

      v.

DHA GROUP, INC., *et al.*,

   Defendants.

Civil Action No. 12-1249 (CKK)

MEMORANDUM OPINION
(September 16, 2013)

      Presently before the Court are two motions filed by *pro se* Plaintiff Gennaro Mattiaccio: [46] Amended Motion for Enlargement of Time to File an Amended Complaint and to Add Parties; and [49] Motion for Expedited Ruling. One month before discovery is set to close in this matter, and three months after the deadline for amending pleadings the Plaintiff seeks leave to amend his complaint to include eleven new claims and to revise the factual allegations supporting the existing claims. The Defendants oppose the Plaintiff's motion in part, objecting only to the Plaintiff's request to add claims for wrongful termination and disability discrimination, as well as the Plaintiff's attempt to revise the factual allegations contained in the operative complaint. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds justice requires only that the Plaintiff be permitted to amend the operative complaint to include those claims that are based on evidence the Plaintiff received after the initial deadline for amended pleadings passed. Accordingly, the Plaintiff's motion for

---

[1] Pl.'s Mot. & Proposed Second Am. Compl., ECF No. [46]; Defs.' Opp'n, ECF No. [48]; Pl.'s Mot. to Expedite, ECF No. [49]; Pl.'s Reply, ECF No. [50]; Defs.' Sur-reply, ECF No. [52].

expedited consideration is GRANTED, and the Plaintiff's motion for leave to amend is GRANTED IN PART and DENIED IN PART as set forth below.

## I. BACKGROUND

The Plaintiff filed suit on July 30, 2012, alleging Defendants Ami Getu, David Hale, and DHA Group, Inc., defamed the Plaintiff. *See generally* Compl., ECF No. [1]. The Plaintiff also asserted three claims for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, one count against each Defendant, arising out of a post-employment background check of the Plaintiff. Upon the Defendants' motion, the Court dismissed the defamation claim without prejudice. 12/11/12 Mem. Op. & Order, ECF Nos. [14, 15]. The Plaintiff subsequently amended his complaint. *See generally* Am. Compl., ECF No. [16]. During the initial scheduling conference on March 28, 2013, the Court ordered the parties to file any amended pleadings by no later than May 27, 2013, and set discovery to close on October 11, 2013. Sched. & P. Order, ECF No. [27]. On July 28, 2013, the Plaintiff filed a motion for enlargement of time in which to file an amended complaint. The Court denied the Plaintiff's motion without prejudice because the Plaintiff failed to attach a copy of his proposed second amended complaint, and failed to indicate whether the Defendants opposed the motion, in violation of Local Civil Rule 7(i) and 7(m) respectively.

The Plaintiff renewed his motion on August 9, 2013. Pl.'s Mot., ECF N. [46]. When filing the motion, the Plaintiff submitted two copies of his motion to the Clerk of Court, one of which was provided to Chambers. The copy retained by the Clerk of Court was missing the last two pages of the Plaintiff's motion, and thus did not contain a certificate of service. The Clerk of Court thus sent the motion to the Court to decide if the motion should be docketed despite the fact that it was missing a certificate of service. After the parties jointly contacted Chambers

regarding the status of the motion, the Court discovered that the courtesy copy of the motion provided to Chambers did contain a certificate of service, and promptly provided the courtesy copy to the Clerk of Court. The Plaintiff's motion was considered filed as of August 9, 2013, although the motion was not docketed until August 21, 2013, due to the error in the filing initially provided to the Clerk of Court. The Court then promptly set an expedited briefing schedule. 8/21/13 Order, ECF No. [47].

## II. LEGAL STANDARD

Pursuant to Federal Rules of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court "may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litig.*, 629 F.3d 213, 218 (D.C. Cir. 2010). Otherwise, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party . . . the leave sought should . . . be freely given." *Belizan v. Herson*, 434 F.3d 579, 582 (D.C. Cir. 2006) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. DISCUSSION

The Plaintiff's motion seeks leave to amend the operative complaint to include eleven additional claims: (a) unlawful retaliation in violation of the District of Columbia Human Rights Act, D.C. Code §§ 2–1403.01 *et seq.* and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* as to all Defendants; (b) hostile work environment in violation of the District of Columbia Human Rights Act as to DHA Group; (c) age discrimination in violation of the Age

3

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* as to DHA Group; (d) disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* as to DHA Group; (e) civil conspiracy as to Karen Fisher, an employee of DHA Group; (f) defamation as to Karen Fisher; (g) civil conspiracy as to David Fisher, Ms. Fisher's husband but not an employee of DHA Group; (h) defamation as to David Fisher; (i) tortious interference with employment as to David and Karen Fisher; (j) wrongful termination as to DHA Group; and (k) violation of the Fair Credit Reporting Act as to Nelson Blitz, outside counsel for DHA Group. The Defendants oppose the Plaintiff's motion only in part. Specifically, the Defendants only object to granting the Plaintiff leave to amend the operative complaint to include the wrongful termination and disability discrimination claims, and to the extent the Plaintiff proposes including new or revised factual and legal allegation regarding his existing claims. Defs.' Opp'n at 2-3.

With respect to the Plaintiff's retaliation, hostile work environment, age discrimination, disability, and wrongful termination claims, the Plaintiff appears to argue that he did not seek leave to amend the operative complaint to include these claims at an earlier point because the Plaintiff did not receive a right to sue letter from the Equal Employment Opportunity Commission until June 28, 2013. Pl.'s Mot. at 1. This explanation is inapplicable to the Plaintiff's hostile work environment and wrongful terminations, which the Plaintiff intends to bring only under the D.C. Human Rights Act and District of Columbia common law, not Title VII. Once the Plaintiff received the right to sue letter, he waited five weeks before filing a motion that complied with the Local Civil Rules governing motions to amend. This delay compounds the fact that these new claims would require significant new discovery. The existing claims arise entirely out of a background check the Defendants purportedly conducted on the

4

Plaintiff in May 2012, and a telephone conference call that took place the day the Plaintiff was terminated. The Plaintiff's retaliation, hostile work environment, age discrimination, and disability claims are largely based on events that preceded May 2012. Amending the operative complaint at this stage to include such claims would essentially re-start the litigation from the beginning, less than one month before discovery regarding the Plaintiff's existing claims is set to close. Justice does not require granting the Plaintiff leave to add new, largely unrelated claims to an existing lawsuit that is nearing the end of discovery, particularly when the statute of limitations does not appear to have expired and the Plaintiff may pursue his claims through a separate lawsuit.

Furthermore, the Plaintiff's disability discrimination claim would not survive a motion to dismiss because the Plaintiff does not allege that DHA Group actually knew the Plaintiff was disabled. *Crandall v. Paralyzed Veterans of Am.*, 146 F.3d 894, 897 (D.C. Cir. 1998) (noting that in order for a plaintiff to show a causal link between his disability and an adverse action, "the employer must have acted with an awareness of the disability itself, and not merely an awareness of some deficiency in the employee's performance that might be a product of an unknown disability."). The Plaintiff argues that the Defendants knew he was disabled because his disability rating from the Department of Veterans Affairs was listed on his resume. Pl.'s Reply at 6. This allegation does not appear anywhere in the Plaintiff's putative Second Amended Complaint, and the Plaintiff cannot amend his proposed pleading by way of his reply brief. *Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Service*, 297 F.Supp.2d 165, 170 (D.D.C. 2003).

Similarly, the Plaintiff's wrongful termination claim would not survive a motion to dismiss for failure to state a claim. The District of Columbia Court of Appeals has recognized

that "there is a very narrow exception to the at-will doctrine under which a discharged at-will employee may sue his or her former employer for wrongful discharge when the sole reason for the discharge is the employee's refusal to violate the law, as expressed in a statute or municipal regulation." *Adams v. George W. Cochran & Co.*, 597 A.2d 28, 34 (D.C. 1991). However, this exception cannot be invoked "where the very statute creating the relied-upon public policy already contains a specific and significant remedy for the party aggrieved by its violation." *Nolting v. Nat'l Capital Grp., Inc.*, 621 A.2d 1387, 1390 (D.C. 1993). The Plaintiff's proposed wrongful termination claim alleges he was unlawfully terminated in retaliation for the Plaintiff "ma[king] an allegation of discriminatory behavior against the company." Pl.'s Reply at 5; *see* Second Am. Compl. ¶¶ 216-220. The D.C. Human Rights Act and Title VII each contain a specific and significant remedy for retaliatory conduct; in fact, count five of the putative Second Amended Complaint specifically alleges the Plaintiff was terminated in retaliation for opposing DHA Group's discriminatory conduct, in violation of the D.C. Human Rights and Title VII. *Id.* ¶¶ 131-43. The public policy exception permitting an at-will employee to bring a wrongful termination claim is inapplicable, and the Plaintiff's proposed wrongful termination claim would not survive a motion to dismiss.

Regarding the other proposed claims in the putative Second Amended Complaint, the Plaintiff alleges that he did not learn of certain facts necessary to bring the claims until the deposition of Defendant Getu in July 2013. The Plaintiff asserts that he learned for the first time at Defendant Getu's deposition that Nelson Blitz, outside counsel for DHA Group, was the individual that conducted the May 2012 background check that is the basis for the Plaintiff's existing Fair Credit Reporting Act claims. Pl.'s Mot. at 1-2. The Plaintiff seeks leave to amend the operative complaint to include a Fair Credit Reporting Act claim against Mr. Blitz. The

Defendants do not dispute the fact that Mr. Blitz's involvement was not disclosed to the Plaintiff until the deposition. Because this claim is closely related to the Plaintiff's existing claims and would not require extensive new discovery, the Court shall permit the Plaintiff to amend the Complaint to include the claim against Mr. Blitz.

The Plaintiff also contends that he "learned the identity of the person responsible for coming forward with information about him" for the first time during the depositions of Defendant Hale and Defendant Getu on July 9 and 10 respectively. Pl.'s Mot. at 2. Specifically, the Plaintiff argues that during or shortly after Defendant Getu's deposition the Defendants for the first time produced an email from Karen Fisher to Ami Getu containing the search results for "Gennaro Mattiaccio" from Prince William County criminal records supposedly showing that the Plaintiff was convicted of perjury in 2004.[2] *See* Second Am. Compl., Ex. F. Based on this email, the Plaintiff seeks to amend the operative complaint to include claims of defamation, civil conspiracy, and tortious interference with employment against Ms. Fisher. These claims are closely related to the existing claims and do not appear to require extensive additional discovery.

The same cannot be said regarding the defamation, civil conspiracy, and tortious interference claims the Plaintiff seeks to bring against Ms. Fisher's husband, David Fisher. The Plaintiff alleges that during a company holiday party in January 2012 Mr. Fisher told several DHA Group employees that the Plaintiff had been convicted of perjury. The Plaintiff does not claim that he was not aware of Mr. Fisher's conduct until after the initial deadline to amend pleadings passed, and offers no explanation for why he failed to seek leave to include the claims

---

[2] The Court need not resolve whether the Defendants should have produced the Fisher email at an earlier point in discovery. The Court does note that based on the Plaintiff's own description of the relevant discovery request, the Defendants did not err in declining to produce the Fisher email in response to Plaintiff's Interrogatory No. 4. *See* Pl.'s Reply at 3-4.

against Mr. Fisher at an earlier point. Moreover, because Mr. Fisher is not an employee of DHA Group and his allegedly defamatory statement took place months before the events at issue in the Complaint, these claims would likely require significant new discovery. Finally, it is not clear that the Plaintiff's proposed defamation claim against Mr. Fisher would relate back to his initial claims such that the claims against Mr. Fisher would be construed as having been filed within the one year statute of limitations for defamation claims. *See Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009) ("[A]n amendment that attempts to introduce a new legal theory based on facts different from those underlying the timely claims does not relate back.") (citation omitted).[3] Regardless, the Plaintiff's unexplained delay in seeking to add Mr. Fisher to this litigation is sufficient reason to deny the Plaintiff leave to amend the complaint to add the claims against Mr. Fisher.

Apart from the newly proposed claims, the putative Second Amended Complaint would significantly revise many of the factual allegations contained in the operative complaint. The Defendants object to the Plaintiff's attempt to amend twelve paragraphs to contain new factual information. Defs.' Sur-reply at 3-4. The Defendants also object to the proposed amendments to the extent they seek to delete or revise information in three paragraphs. The Defendants raised these objections in their opposition to the Plaintiff's motion, but the Plaintiff does not dispute the contention that the new information the Plaintiff seeks to include was *known to the Plaintiff at the time he filed his initial complaint*. Furthermore, the Plaintiff's proposed revisions do not merely correct minor inaccuracies. In many cases, the revisions add new legal basis for the Plaintiff's defamation and Fair Credit Reporting Act claims that the Defendants allege have not

---

[3] The Court makes no finding as to whether the clams against Karen Fisher the Plaintiff will relate back to the filing of the initial complaint.

been the subject of discovery. *E.g.*, Second Am. Compl. ¶ 92 (alleging for the first time the Plaintiff requested that the Defendants correct errors in his background check); *id.* ¶ 113 (alleging for the first time that the Defendants defamed the Plaintiff by stating the Plaintiff had images of child pornography on his computer). The Plaintiff offers no explanation as to why he did not seek to include these revised legal theories before the initial deadline to submit amended pleadings.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that justice requires the Plaintiff be permitted to amend the operative complaint to include claims closely related to the existing claims which are based on evidence not available to the Plaintiff prior to July 10, 2013. However, the Plaintiff shall not be permitted to revise factual allegations based on information known to the Plaintiff before the initial deadline to amend pleadings lapsed, nor will the Plaintiff be permitted to add multiple employment-based claims that are largely unrelated to the existing claims and would require extensive new discovery. Accordingly, the Plaintiff's [49] Motion for Expedited Ruling is GRANTED and the Plaintiff's [46] Amended Motion for Enlargement of Time to File an Amended Complaint and to Add Parties is GRANTED IN PART and DENIED IN PART.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

*/s/*
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE