UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENNARO MATTIACCIO II <br><br> Plaintiff, <br><br> v. <br><br> DHA GROUP, INC, *et al,* <br><br> Defendants. | Civil Action No. 12-1249 (CKK) |

**MEMORANDUM OPINION**
(November 5, 2013)

Presently before the Court is the Defendants' [59] Motion to Strike Allegations from the Plaintiff's Second Amended Complaint. The Plaintiff opposes the Defendant's Motion in part, objecting to the deletion of certain factual allegations, but concedes that specific paragraphs and sentences previously struck by the Court in its September 16, 2013, [53] Order should be struck. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court strikes the paragraphs and statements previously struck in the Court's September 16, 2013, Order, and orders the Plaintiff to further strike the challenged factual allegations that relate only to hostile work environment, discrimination, and retaliation claims and claims against David Fisher for which the Court previously denied the Plaintiff leave to include in his Amended Complaint. All other challenged factual allegations may remain part of the Plaintiff's Amended Complaint. Accordingly, the Defendant's Motion to Strike is GRANTED IN PART and DENIED IN PART as set forth below.

**I.   BACKGROUND**

---

[1] Defs.' Mot. to Strike, ECF No. [59]; Pl.'s Opp. to Mot. to Strike, ECF No. [67]; Defs.' Reply, ECF No. [68].

The Plaintiff filed suit on July 30, 2012, alleging Defendants Ami Getu, David Hale, and DHA Group, Inc., defamed the Plaintiff. *See generally* Compl., ECF No. [1]. The Plaintiff also asserted three claims for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, one count against each Defendant, arising out of a post-employment background check of the Plaintiff. Upon the Defendants' motion, the Court dismissed the defamation claim without prejudice. 12/11/12 Mem. Op. & Order, ECF Nos. [14, 15]. The Plaintiff amended his complaint on January 14, 2013. *See generally* Am. Compl., ECF No. [16]. During the initial scheduling conference on March 28, 2013, the Court ordered the parties to file any amended pleadings by no later than May 27, 2013, and set discovery to close on October 11, 2013. Sched. & P. Order, ECF No. [27]. In July 2013, the parties contacted the Court indicating that they had a dispute regarding the scope of depositions the Plaintiff intended to take of certain current and former employees of Defendant DHA Group. On July 8, 2013, the Court issued an order precluding the Plaintiff from inquiring during depositions into acts potentially relevant to a wrongful termination or employment discrimination claim,[2] but not relevant to the Plaintiff's defamation or FCRA claims—the only causes of actions the Plaintiff had alleged in his Complaint. Although, according to Defendants, the Plaintiff may have violated the Court's July 8, 2013, Order while conducting depositions, *see* Def.s' Mot. to Strike, ECF No. [59], at 6; *see also* Pl.'s Opp'n, ECF No. [67], at 14-15, any evidence objected to by the Defendants and obtained contrary to the Court's Order will not be considered by the Court during this case.

On July 28, 2013, approximately two months after the deadline for filing amended pleadings, the Plaintiff filed a motion for enlargement of time in which to file an amended complaint. The Court denied the Plaintiff's motion without prejudice because the Plaintiff failed

---

[2] Specifically, the July 8, 2013, Order prohibited the Plaintiff "from inquiring into any of the topics set forth in the Plaintiff's July 5, 2013 letter to the Court." 7/8/13 Order, ECF. No. [40], at 2.

to attach a copy of his proposed second amended complaint, and failed to indicate whether the Defendants opposed the motion, in violation of Local Civil Rule 7(i) and 7(m) respectively. The Plaintiff renewed his motion on August 9, 2013. Pl.'s Mot., ECF N. [46]. The Plaintiff sought leave to include eleven additional claims, including five new employment-based claims and six defamation, tortious interference, and FRCA claims against new defendants. In a September 16, 2013, [53] Order, the Court granted in part and denied in part the Plaintiff's Motion. Specifically, the Court denied the Plaintiff leave to include hostile work environment, retaliation, age discrimination, disability, and wrongful termination claims. In addition, the Court prohibited the Plaintiff from including defamation, civil conspiracy, and tortious interference claims against David Fisher, and a large set of new or revised factual allegations regarding existing claims to which the Defendants had objected. The Court emphasized that these factual allegations and claims were largely based on events that preceded May 2012 and that amending the complaint at that point to include these allegations and claims would essentially re-start the litigation from the beginning less than one month before discovery was set to close. The Plaintiff was allowed, however, to amend his Complaint to include claims of defamation, civil conspiracy, and tortious interference against Karen Fisher, and a Fair Credit Reporting Act claim against Nelson Blitz because he had learned information relevant to these claims in depositions during discovery after the date for amending pleadings had passed.

It is against this backdrop that the Court now evaluates the Plaintiff's [55] Second Amended Complaint, filed on October 3, 2013, in an effort to comply with the Court's September 16, 2013, Order. The Defendants move to strike portions of the Second Amended

Complaint for failure to comply with the Court's September 16, 2013, Order.[3]

## II. DISCUSSION

### A. Factual Allegations Previously Struck in September 16, 2013, Order

In his Opposition to the Defendants' Motion to Strike, the Plaintiff concedes that paragraphs 13, 53, and 54 should be struck in their entirety from the Second Amended Complaint as they correspond to paragraphs previously struck by the Court in its September 16, 2013, Order. The Plaintiff also concedes that the sentence "Plaintiff reported the allegations to the DC Police Department Internet Crimes Unit" should be struck from Paragraph 99, and the statement "and that Plaintiff had images of child pornography on his computer were false" should be struck from paragraph 101 as previously ordered by the Court in its September 16, 2013, Order. Finally, the Plaintiff concedes that the following sentence should be added to paragraph 17 as previously ordered by the Court: "Plaintiff executed an authorization for a 'pre-employment background investigation,' as part of its application process." Accordingly, the Court GRANTS the

---

[3] In the Plaintiff's Opposition to the Defendant's Motion to Strike, the Plaintiff argues that the Court should deny the Defendants' Motion for failure to comply with Local Civil Rule 7(m), which requires parties to confer before filing any nondispositive motion in a civil action. When the Defendants filed the present Motion to Strike, Defense Counsel did not include any indication that the Defendants had conferred with the Plaintiff to determine whether the Plaintiff opposed the Motion. The Plaintiff notes that on July 18, 2013, the Court denied Plaintiff's Motion for Enlargement of Time to File an Amended Complaint for failure to confer with Defense Counsel prior to filing the Motion.

Although the Plaintiff had not conferred with opposing counsel as required under Rule 7(m) prior to filing his Motion for Enlargement of Time to File an Amended Complaint, he more importantly did not attach the proposed Amended Complaint at issue. Consequently, the Court was obligated to deny without prejudice the Plaintiff's Motion on July 18, 2013, because it was impossible for the Court to rule on the Plaintiff's Motion without the proposed Amended Complaint being attached.

In regards to Defense Counsel's present failure to confer with the Plaintiff about the Defendants' Motion to Strike, the Court, to expedite matters, had the Judicial Assistant contact Defense Counsel to determine if there had been consultation with the Plaintiff. Defense Counsel indicated that she had not conferred with the Plaintiff but would do so. Defense Counsel then inappropriately e-mailed a law clerk, with the Plaintiff copied, indicating that she had conferred with the Plaintiff and would file a supplemental statement with the Court indicating the Plaintiff's position on the motion to strike. Defense Counsel shortly thereafter filed the supplemental statement. The Court did not rule on the Defendants' Motion to Strike but waited for the Plaintiff to respond. Both Plaintiff and Defense Counsel have been admonished not to correspond with the Court by e-mail unless requested to do so by Chambers.

Defendant's Motion to Strike in regards to the above-outlined paragraphs and statements and orders the Plaintiff to incorporate these changes into his revised Amended Complaint.

### B. Factual Allegations Relating to Employment-Based Claims

Defendants also move the Court to strike twenty-five factual allegations from the Plaintiff's Second Amended Complaint, arguing that they are immaterial because they relate only to the employment-based claims that the Court disallowed in its September 16, 2013, Order. In response, the Plaintiff contends that the challenged factual allegations are material because they establish the Defendants acted with malice. Indeed, malice is relevant to a defamation claim. "A plaintiff bringing a defamation action . . . must show: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 858 (D.C. Cir. 2006) (internal citation omitted). A plaintiff can defeat a defense that a defendant published the defamatory statement with privilege, for example, under the master/servant privilege,[4] by showing that the defamatory statements were published with "malice," "defined as 'the doing of an act without just cause or excuse, with such a conscious indifference or reckless disregard as to its results or effects upon the rights or feelings of others as to constitute ill will." *Miller v. Health Services for Children Foundation*, 630 F. Supp. 2d 44, 51 (D.D.C. 2009) (quoting *Columbia First Bank v. Ferguson*, 665 A.2d 650, 656 (D.C. 1995)). "The presence of malice is therefore measured by the 'primary motive by

---

[4] "The law has long recognized a privilege for anything 'said or written by a master in giving the character of a servant who has been in his [or her] employment.'" *Miller*, 360 F. Supp. 2d at 51 (quoting *Turner v. Federal Express Corp.*, 539 F. Supp. 2d 404, 409 (D.D.C. 2008)).

which the defendant is apparently inspired' in disseminating a statement, not the truth of the assertions." *Id.* For example, courts have recognized as indicators of malice evidence that an employer acted out of ill will towards an employee or was retaliating against an employee. *See, e.g.*, *Tacka v. Georgetown University*, 193 F. Supp. 2d 43, 54 (D.D.C. 2001) (finding the plaintiff had proffered indicators of malice with evidence that the employer was trying to "deliberately derail" the employee's tenure application instead of facilitate its review); *Echtenkamp v. Loudon County Pub. Schools*, 263 F. Supp. 2d 1043, 1062 (E.D.Va. 2002) (holding that the plaintiff properly pleaded malice when his complaint alleged facts indicating a larger pattern of retaliation against the plaintiff). Consequently, any factual allegations made by the Plaintiff that suggest that the Defendants acted without just cause or excuse in publishing the allegedly defamatory statements are properly included in his Second Amended Complaint.

Accordingly, the Court DENIES the Defendant's Motion to Strike paragraphs 32, 33,[5] 57, 59, 60, 105, and 113, as well as Exhibit C because they directly support the Plaintiff's allegation that the Defendants acted with malice in making the allegedly defamatory statement. These paragraphs may remain in the Amended Complaint because they reference the complaint the Plaintiff made against the Defendant while employed by the Defendant and allege that the Defendant conducted the background investigation and defamed the Plaintiff in retaliation for making this complaint. However, these allegations are only permitted to remain in the Amended Complaint strictly as evidence that the Defendants' primary motivation in conducting the background investigation and allegedly defaming the Plaintiff was malicious. The Court previously prohibited the Plaintiff from amending his Complaint to include retaliation or other

---

[5] Since, however, the Court strikes Exhibit D, the Court strikes the following sentence from paragraph 33: "The complaint is attached as (Exhibit D) and incorporated into this complaint as if fully quoted verbatim."

employment-based claims, and in its July 8, 2013, Order, prohibited the Plaintiff from inquiring into these allegations during depositions for the purpose of establishing "an alternate theory of why he was terminated." Consequently, paragraphs 32, 33, 57, 59, 60, 105, and 113, and Exhibit C shall not be turned into vehicles for discovery into, or allegations supporting, the employment-based claims previously disallowed by the Court.

The Court GRANTS the Defendants' Motion to Strike paragraphs 20 through 26, 29, 30, 35, 36, 58, and 67 through 69, as well as Exhibits B, D, and F, as they are only material to the employment-based claims previously disallowed by the Court. The factual allegations in these paragraphs and exhibits only support hostile work environment, discrimination, or retaliation claims and are not evidence that the Defendants acted with malice towards the Plaintiff in conducting the background investigation and making the allegedly defamatory statements. The Court strikes all reference to the underlying misconduct alleged by the Plaintiff in his complaint to the Defendant while employed by the Defendant as the underlying misconduct is not relevant to the Plaintiff's allegation of retaliatory malice and would require substantial additional discovery when the deadline for conducting discovery is nearly one-month past.

The Court further GRANTS the Defendants' Motion to Strike paragraph 31 as it only discusses the actions of David Fischer and the Court disallowed all claims against David Fisher in its September 16, 2013, Order.

The Court further GRANTS the Defendants' Motion to Strike the references to the complaint filed against Yusuf Abdul Salaam in paragraphs 39, 52, and 65 as the references are immaterial to the specific allegation and to the Plaintiff's claims.

Finally, the Court GRANTS the Defendant's Motion to Strike the word "Defendant" in paragraphs 52 and 65 as the Plaintiff has conceded the propriety of this deletion.

The Court reminds the Plaintiff that the Court entered a Stipulated Protective Order in this case on May 13, 2013. Paragraph 4 of the Protective Order provides that either party may designate portions of deposition testimony as "Confidential—Subject to Protective Order" to protect it from disclosure to third parties other than those specifically exempted in Paragraph 5 of the Protective Order. The Court understands that the Defendants designated certain portions of the depositions as Confidential pursuant to Paragraph 4 and informed the Plaintiff of this designation. Paragraph 7 of the Protective Order provides that if a party wants to discuss the contents of Confidential information in a written pleading, he or she must file such pleading under seal with the Court, and separately file a public version of the pleading in which the Confidential information is redacted.

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Strike is GRANTED IN PART and DENIED IN PART.

>   */s/*
>   **COLLEEN KOLLAR-KOTELLY**
>   UNITED STATES DISTRICT JUDGE