**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENNARO MATTIACCIO II,<br>        Plaintiff,<br><br>        v.<br><br>DHA GROUP, INC., *et al*.,<br>        Defendants. | Civil Action No. 12-1249 (CKK) |

**MEMORANDUM OPINION**
(July 21, 2020)

Pending before the Court is Plaintiff's Motion for Substitution of Non-Party ASGN for DHA Group, ECF No. 204. Plaintiff Gennaro Mattiaccio II's remaining claims are brought under the Fair Credit Reporting Act ("FCRA") against Defendants DHA Group (Count I), Amrote Getu (Count II), and David Hale (Count IV). *Mattiaccio v. DHA Grp., Inc*, No. 12-cv-1249, 2019 WL 6498865, at *1 (D.D.C. Dec. 3, 2019) ("*Mattiaccio III*"). The Court previously discussed the factual background of this case in previous opinions, to which it refers the reader. *See Mattiaccio v. DHA Grp., Inc.*, 87 F. Supp. 3d 169, 172–78 (D.D.C. 2015) ("*Mattiaccio II*"); *Mattiaccio v. DHA Grp., Inc.*, 21 F. Supp. 3d 15, 16–18 (D.D.C. 2014) ("*Mattiaccio I*"). In his Motion, Plaintiff argues that because Defendant DHA Group was acquired by non-party ASGN, Inc., ASGN should be substituted pursuant to Federal Rule of Civil Procedure 25. Defendants oppose Plaintiff's Motion. Upon consideration of the pleadings,[1] the relevant authorities, and the record as a whole, the Court **DENIES** Plaintiff's Motion.

---

[1] The Court's consideration has focused on the following:
- Joint Status Report, ECF No. 200;
- Pl.'s Mot. for Substitution of Non-Party ASGN for DHA Group ("Pl.'s Mot."), ECF No. 204; and

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Whether to grant or deny a Rule 25(c) motion is a matter within the district court's discretion. *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478, 482 (D.C. Cir. 1996) ("We review the District Court's ruling on a Rule 25(c) motion only for abuse of discretion."). "The primary basis for deciding the motion is whether substitution would 'facilitate the conduct of the litigation.'" *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 247 F. Supp. 3d 76, 86 (D.D.C. 2017) (quoting *Comm'ns Imp. Exp., S.A. v. Republic of Congo*, 118 F. Supp. 3d 220, 231 (D.D.C. 2015)).

A court principally considers this criterion, which is "rooted in considerations of convenience and economy," because substitution "has no bearing on the substantive relationship between the parties." *Comm'ns Imp. Exp.*, 118 F. Supp. 3d at 231. "Regardless of the transfer in interest and subsequent substitution, '[t]he merits of the case . . . are still determined vis-à-vis the originally named parties.'" *Paleteria La Michoacana*, 247 F. Supp. 3d at 86 (quoting *Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985)); *see also* 7C Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 1958 (3d ed. 2016) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named. An order of joinder

---

- Defs.' Mem. in Opp'n to Pl.'s Mot. for Substitution of Non-Party ASGN for DHA Group ("Defs.' Mem."), ECF No. 205.

In an exercise of its discretion, the Court finds that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation.").

Plaintiff argues here that DHA Group has been acquired by ASGN.  Pl.'s Mot. at 1. Defendants explain that in January of 2019, DHA Group was acquired by ASGN, which they describe as "a leading provider of information technology services in various fields across commercial and government sectors."  Defs.' Mem. at 1.  They further explain that ASGN purchased all of DHA Group's stock, and thus it became a subsidiary of ASGN-owned ECS Federal, LLC.  *See id.*; *see also* ASGN, Inc., *ASGN Acquires DHA Group* (Press Release) (Jan. 28, 2019), available at https://investors.asgn.com/news/news-details/2019/ASGN-Acquires-DHA-Group/default.aspx.  According to Defendants, DHA Group has not been dissolved.  Defs.' Mem. at 2–3; Joint Status Report at 1.  In support of this, Defendants offer District of Columbia Department of Consumer and Regulatory Affairs Business Entity Search Records, *see* Defs.' Mem. Ex. A, which show that DHA Group, Inc. is listed as "Active" and that it filed its latest report on April 15, 2019, which is three months after it was acquired by ASGN, *id.* Ex. A at 1.  Plaintiff does not contest this, and it is therefore undisputed that DHA Group has not been dissolved.

One of Plaintiff's concerns, however, is that DHA Group may be dissolved at a later, post-judgment date, and that he "would be required to file this same motion to enforce a judgment." Pl.'s Mot. at 2–3.  The Court agrees with Defendants that this is not a major concern because any "judgment will be binding on the successor in interest"—here, ASGN—"even though the successor is not named."  Charles Wright & Arthur Miller, *Federal Practice & Procedure* § 1958; *see, e.g.*, *Branch Banking & Tr. Co. v. Morehouse*, No. CV 10-0912 DAR, 2011 WL 13257608, at *4 (D.D.C. Oct. 11, 2011) ("[A] judgment on an interest transferred during the pendency of trial is binding on successors of interest."); *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71

(3d Cir. 1993) ("When a defendant corporation has merged with another corporation, for example, the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit.").  Neither party here questions that ASGN is a successor in interest of DHA Group.  *See, e.g.*, Pl.'s Mot. at 2 ("But since ASGN has acquired DHA Group in a stock transaction, they assume all liabilities associated with DHA Group."); Defs.' Mem. at 3 ("Any judgment handed down against DHA Group will be equally binding on ASGN as its successor.").

The Court consequently finds that substitution would not facilitate the conduct of litigation here.  First, movant Plaintiff has not offered any additional rationale for why the conduct of litigation would be facilitated here.  Second, Defendants indicate that "ASGN has not expressed a willingness to be substituted for DHA Group."  Defs.' Mem. at 4; *see also* Joint Status Report at 2 ("It is also the understanding of undersigned counsel that non-party ASGN Incorporated (and any of its subsidiaries or affiliates) would oppose its joinder or substitution for Defendant DHA Group in this case.").  And there are "due process concerns raised by forcing a party to step into the shoes of another against their will."  *Paleteria La Michoacana*, 247 F. Supp. 3d at 89; *see Luxliner P.L. Exp.*, 13 F.3d at 72 (considering non-party's due process interests in light of Rule 25(c) motion).  And lastly, this litigation has continued for eight years with DHA Group, Getu, and Hale as Defendants, and the case is now approaching the point where a trial date will be scheduled.  Substitution of DHA Group for ASGN at this juncture would result in new counsel becoming involved in the case, which could cause significant delays, and may result in additional pretrial motions (which could also create delays).  In short, it would likely delay the scheduling of a trial without introducing any conveniences that would facilitate the conduct of litigation.  Nor has

Plaintiff provided any other reasons for why the conduct of litigation would be facilitated by substitution.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Substitution of Non-Party ASGN for DHA Group, ECF No. 204.  An appropriate Order accompanies this Memorandum Opinion.  A copy of this Memorandum Opinion and the accompanying Order shall be mailed to Plaintiff at his address of record.


Date:   July 21, 2020                                     _____/s/_____

                                                          **COLLEEN KOLLAR-KOTELLY**
                                                          United States District Judge