**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENNARO MATTIACCIO II, | |
| Plaintiff | |
| v. | Civil Action No. 12-1249 (CKK) |
| DHA GROUP, INC., *et al.*, | |
| Defendants | |

**ORDER**
(February 5, 2021)

At the Pretrial Conference held in this case on February 2, 2021, the Court determined that it was necessary for the parties to provide certain additional information before this case can be set for trial. Specifically, the following information shall be provided:

- **Punitive Damages Evidence**:  By or before **February 10, 2021**, Plaintiff shall provide the Court with any evidence he plans to proffer at trial regarding the issue of punitive damages.  Defendants must submit any objections to this evidence by or before **February 24, 2021**.  Plaintiff may then submit any reply by or before **March 3, 2021**.

- **David Hale's Testimony about "Sensitive Communications" with FBI**: Defendants have objected to Plaintiff's proposed testimony from **Mr. David Hale** regarding sensitive communications Mr. Hale had with an FBI Contracting Officer in Clarksburg, West Virginia.  *See* Joint Pretrial Statement, ECF No. 217, at 27. During the February 2, 2021 pretrial conference, Plaintiff explained that this testimony is relevant because he complained to Human Resources about Mr. Hale's sensitive communications in May 2012 and was terminated in retaliation, shortly thereafter.

  To better evaluate the relevance of this testimony, the parties shall each file a notice indicating whether Plaintiff referred to Mr. Hale's "sensitive communications" with the FBI within the formal complaint Plaintiff made to the Human Resources Department of DHA Group, Inc., before his termination.  *See* Joint Pretrial Statement, ECF No. 217, at 2.  The parties shall file their notices by or before **March 5, 2021**.

- **Mr. Hale's Interrogatory Responses**: Defendants have objected to Plaintiff's Exhibit 11, which includes Mr. Hale's "responses to Interrogatories previously provided to the defendants."  Specifically, Defendants object on the ground that

1

Plaintiff has not specified which particular interrogatory responses from Mr. Hale he intends to introduce into evidence. *See* Joint Pretrial Statement, ECF No. 217, at 35.

Plaintiff has previously specified that he intends to use Mr. Hale's "interrogatory responses number 3, 4, 5, and six" for impeachment purposes at trial. *See* Pl.'s Notice, ECF No. 134, at 1. In response, Defendants stated: "Defendants presume that Mr. Mattiaccio is referring to "Defendants' Responses to Plaintiff's Interrogatories," which were served on Mr. Mattiaccio on June 10, 2013, and were submitted on behalf of all Defendants (DHA Group, Mr. Hale, and Ms. Getu). If that is correct, Defendants have no objection to Mr. Mattiaccio's use of the responses to Interrogatory Nos. 3, 4, 5, or 6 therein—for impeachment purposes only." *See* Defs.' Response, ECF No. 135, at 1.

By or before **March 5, 2021**, Plaintiff should confirm in a notice[1] filed with the Court, that he intends to use Defendants' June 10, 2013 responses to Interrogatory Nos. 3, 4, 5, and 6, for impeachment purposes at trial.

Finally, the Court sets a subsequent Pretrial Conference for **May 7, 2021, at 11:00 a.m.,** via teleconference. Assuming that the parties have not resolved the issues in this case by way of settlement, the Court will attempt to set a date for the jury trial at this upcoming Pretrial Conference. The Court is also issuing a separate order memorializing the resolution of certain of the parties' objections presented in their most recent Joint Pretrial Statement.

The Clerk of the Court shall send a copy of this Order to Plaintiff at his address of record.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] To the extent possible, all parties shall consolidate their March 5, 2021 notices into a single submission to the Court.