# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GENNARO MATTIACCIO II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-cv-01249-CKK |
| | ) | |
| DHA GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM REGARDING PRIOR EXCLUSION OF PLAINTIFF'S DIRECT EXAMINATION QUESTIONS

Defendants DHA Group, Inc., David Hale, and Amrote Getu (collectively "Defendants"), by counsel, submit this memorandum in response to the Court's February 22, 2022 Order,[1] which ordered Defendants to file a brief of no greater than five pages addressing whether the Court has previously excluded, in whole or in part, Plaintiff Gennaro Mattiaccio II's ("Plaintiff") direct examination questions number 11 through 19 and 31 through 33.[2]

---

[1] In the Court's February 22, 2022 Order, the Court ordered Plaintiff to submit a response addressing the relevance of his direct examination questions number 11 through 19 and 31 through 33. Defendants wish to inform the Court that they have no relevance objection to Plaintiff's question 14, which asks whether he was "told during the interview process that [he] had to have a TS clearance." Defendants expect that both parties will seek to elicit testimony regarding discussions during the application and interview process about Plaintiff needing to have a top secret clearance.

[2] This memorandum addresses only whether Plaintiff's direct examination questions themselves are precluded, in whole or in part, based on the Court's prior orders. At this time, Defendants do not know, and cannot know, what exact testimony Plaintiff will seek to provide at the trial. Therefore, Defendant's objections are only to the Plaintiff's direct examination questions themselves. Defendants reserve the right to object on the basis of the Court's prior orders, or any other basis, to any testimony Plaintiff attempts to provide in response to any of his direct examination questions, or otherwise, as well as to any other testimony or evidence Plaintiff seeks to elicit or enter in this matter. Moreover, Defendants are still reviewing the questions and reserve the right to raise other objections to Plaintiff's questions.

Based on their review of Plaintiff's direct examination questions, their understanding of the testimony provided during the depositions in this action, and their conversations with Plaintiff regarding his direct examination questions, Defendants object to questions 16, 17, 18, and 19 as being precluded based on the Court's February 5, 2021 Order, Dkt. No. 219.  In that Order, the Court held that testimony regarding Plaintiff's visit to the FBI building and FBI personnel having no issue with his entering the premises was not relevant to Plaintiff's narrow Fair Credit Reporting Act claims, and thus precluded the testimony.  Yet this is precisely the testimony that Plaintiff's questions 16 through 19 seek to elicit.  The questions ask whether he visited the FBI building, the circumstances surrounding the visit, whether a background check was conducted at the time he visited, and whether the FBI precluded him from entering the building.  See Plaintiff's Direct Examination Questions No. 16-19.  Thus, on their face, these questions are precluded by the Court's February 5, 2021 Order.

Defendants likewise object to questions 32 and 33 to the extent Plaintiff is seeking to elicit testimony similar to the testimony regarding visiting the FBI building that was precluded by the Court's February 5, 2021 Order.  Based on Defendants' telephone conversations with Plaintiff, however, it is Defendants understanding at this time that Plaintiff is not seeking to elicit such testimony with these questions.

Again, these objections are directed only at Plaintiff's questions themselves, and Defendants reserve the right to object on the basis of the Court's prior orders, or any other basis, to any testimony Plaintiff attempts at trial to provide or elicit.  Defendants also reserve the right to raise objections to these questions other than on the basis of the Court's prior orders.

February 23, 2022                           Respectfully submitted,


       /s/ Scott M. Dinner
Scott M. Dinner (D.C. Bar No. 1021879)
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001-4501
(202) 585-8000 (telephone)
(202) 585-8080 (facsimile)
sdinner@nixonpeabody.com

*Counsel for Defendants DHA Group, Inc., David Hale, and Amrote Getu*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2022, I caused a true and correct copy of the foregoing

Defendants' Memorandum Regarding Prior Exclusion of Plaintiff's Direct Examination Questions

to be served, via electronic mail, on the following:

> Mr. Gennaro Mattiaccio, II
> 45 Pinto Lane
> Stafford, Virginia 22556
> jmattiaccio@richmondgroupintl.com
>
> *Plaintiff*
> *Pro Se*

> _____/s/ Scott M. Dinner_____
> Scott M. Dinner