UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GENNARO MATTIACCIO II,<br>    Plaintiff<br><br>v.<br><br>DHA GROUP, INC., *et al.*,<br>    Defendants | Civil Action No. 12-1249 (CKK) |

## CIVIL TRIAL VOIR DIRE
(February 24, 2022)

Ladies and gentlemen, I am Judge Colleen Kollar-Kotelly and you have been called to this Courtroom for possible selection as jurors in a civil case entitled *Gennaro Mattiaccio II v. DHA Group, Inc., Amrote Getu, and David Hale*. The plaintiff in this case is Gennaro Mattiaccio, whom will be referred to as "Mr. Mattiaccio."  The defendants in this case are DHA Group, Inc., whom will be referred to as "DHA" or "DHA Group," Amrote Getu, whom will be referred to as "Ms. Getu," and David Hale, whom will be referred to as "Mr. Hale."

The process of jury selection is called the voir dire process, and its object is to select nine (9) who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a verdict based solely upon the evidence presented in this courtroom and the law as I instruct you.

During the voir dire process, you will be introduced to all of the participants in the trial and I will ask you a series of questions.  If your answer to any question is "yes," please write the number of the question on the note card.  At the end you will be called up to answer any questions you have listed on the notecard.

**Statement of the Case**

Mr. Mattiaccio alleges two violations of a federal statute called the

Fair Credit Reporting Act.   First, Mr. Mattiaccio claims that DHA, a company for which Mr. Mattiaccio used to work, and Ms. Getu and Mr. Hale, employees of that company, conducted and/oor authorized a background investigation of Mr. Mattiaccio without his consent.   Mr. Mattiaccio alleges that DHA, Ms. Getu, and Mr. Hale conducted the background investigation because they were concerned Mr. Mattiaccio might file a lawsuit against the company.   Second, Mr. Mattiaccio claims that, when DHA relied on the results of the investigation to terminate Mr. Mattiaccio's employment at DHA, DHA did not provide Mr. Mattiaccio a copy of the report or a statutorily-mandated "Summary of Rights" form authored by the Consumer Financial Protection Bureau, a federal regulatory agency that oversees consumer financial products. DHA, Ms. Getu, and Mr. Hale, on the other hand, maintain that they had Mr. Mattiaccio's consent or, if they did not, the background investigation was lawful because it was part of a "workplace investigation" into alleged lack of candor by Mr. Mattiaccio.

**Initial Pro Se Statement**

Because Mr. Mattiaccio has decided to act as his own lawyer, you will hear him speak at various times during voir dire.   While Mr. Mattiaccio asks questions and makes statements during voir dire, before trial, he is acting as a lawyer in his case, just as counsel for the defendants is acting as a lawyer for them.   Mr. Mattiaccio's statements, while acting as his own attorney, are not to be considered as his fact testimony.

**Outside Communication**

Now that you are a prospective juror, you MUST follow the instructions listed below until you have been excused from further service in this case.

DO NOT communicate with anyone about the case on your cell phone or tablet, through email, iPhone, text messaging, or on Twitter, through any blog or website, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, YouTube, and TikTok.

DO NOT read anything whatsoever about this case.   Please avoid any

Case 1:12-cv-01249-CKK   Document 237   Filed 02/24/22   Page 3 of 9

newspaper accounts that may relate to this case.

     DO NOT read or listen to any news accounts whether in a newspaper, on the television, on the radio, or on the Internet concerning this case.

     DO NOT at any time discuss this case with anyone, including members of your family, close friends, colleagues, acquaintances, or other members of the jury panel.

     DO NOT let anyone, including your family members, close friends, colleagues, acquaintances, court personnel, parties in this case, or persons involved in the case, talk to you about your views or any aspect of this case except officially in the courtroom.

3

**Asked**                                    **VOIR DIRE QUESTIONS**

*During this* voir dire*, I will use the terms "immediate family" and "close friends." "Immediate family members" are defined by me as spouses, partners, children, parents, or siblings. "Close friends" are defined by me as persons with whom you are close and frequently in contact.*

\_\_\_\_\_   1.   Have any of you heard anything about the facts which constitute the cause of action in this case?

\_\_\_\_\_   2.   Is there anything about the facts of this case as they have been explained to you that would affect your fairness and impartiality if you are selected to be on the jury?

\_\_\_\_\_   3.   Plaintiff in this case is Gennaro Mattiaccio II. He lives it 45 Pinto Lane, Stafford VA 22556.   Has any member of the jury panel or their immediate family or close friends had any dealings with Mr. Mattiaccio?

\_\_\_\_\_   4.   Have you, or have any of your close relatives or close friends, been personally acquainted or done any business with Rock Hill Honey Bee Farms in Stafford, VA?

\_\_\_\_\_   5.   Plaintiff is represented by Scott Dinner Esq. of the law firm of Nixon Peabody LLP and is assisted by his paralegal, Caroline Taylor.   Nixon Peabody is located at 799 9th Street NW Washington, DC 20001.   Has any member of the jury panel or their immediate family or close friends had any dealings with, worked with, or been associated with Mr. Dinner, Ms. Taylor, or the law firm of Nixon Peabody LLP?

_____ 6. One Defendant in this case is DHA Group, Inc. DHA has since been acquired by ASGN Inc., a Fairfax, VA-based government contractor, and merged DHA into its subsidiary ECS. ECS is headquartered at 2750 Prosperity Avenue, Fairfax VA 22031. Has any member of the jury panel or their immediate family or close friends had any dealings with, worked with, or been associated with DHA, ASGN Inc., or ECS?

_____ 7. Do you own any stock or other derivatives of DHA, ASGN, or ECS?

_____ 8. Do you or any family members, friends, or associates work for ASGN or ECS?

_____ 9. Are you now or have you ever been involved in any litigation with ASGN, ECS, or DHA?

_____ 10. One defendant is Amrote Getu. Ms. Getu resides at 7724 Heritage Drive, Annandale VA 22003. Has any member of the jury panel or their immediate family or close friends had any dealings with, worked with, or been associated with Ms. Getu?

_____ 11. The final defendant is David Hale. Mr. Hale resides at 1785 West Mount Harmony Road, Owings MD 20736. Has any member of the jury panel or their immediate family or close friends had any dealings with, worked with, or been associated with Mr. Hale?

_____ 12. There are a number of individuals who may appear as witnesses in this case. At this point, I am going to have the Mr. Mattiaccio identify for you witnesses that he may be calling in this case. Do you know or know of these individuals?

_____ 13. At this point, I am going to have the Defendants' counsel identify for you the witnesses that they may be calling in this case who have not already been identified. Do you know or know of these individuals?

_____ 14. There may be other individuals whose names you may hear about in this case who are not witnesses. **[Ask Plaintiff and defense counsel to identify any such individuals]**. Do you know or know of these individuals?

_____ 15. Do you know anyone on this jury panel? If so, please explain the relationship.

_____ 16. Have any of you, who have previously served as jurors in a civil case, had an experience while a juror, which you believe would affect your ability to return a fair and impartial verdict in this case?

_____ 17. Are you or members of your immediate family or close friends a lawyer, or studied law in a law school, or ever worked for lawyers?

_____ 18. Have you, or any members of your family or close friends, ever been employed by the courts, including the D.C. Superior Court or the U.S. District Court for the District of Columbia?

_____ 19. Have any of you, members of your immediately family, or close friends made a claim or had a claim made against them in a similar type of case involving an adverse employment action?

\_\_\_\_\_   20.   If you were to find that the defendants had retaliated against the plaintiff in this case, do you have personal convictions or fixed opinions which might make it difficult to award fair and adequate compensation to Mr. Mattiaccio if the evidence at trial supports such an award?

\_\_\_\_\_   21.   Have you ever had any personal experiences—good or bad—with the Fair Credit Reporting Act?   If so, please describe the circumstances of that experience.

\_\_\_\_\_   22.   Have you ever had a negative experience with a credit report or background check on you, whether conducted by an employer, lender, or other party?   If so, please describe the circumstances of that experience.

\_\_\_\_\_   23.   Do you believe that the law should treat corporations and people differently at trial?

\_\_\_\_\_   24.   Do you have any views about the judicial system, judges, lawyers, or appropriateness of the trial system that would affect your acting as a fair and impartial juror in this case?

\_\_\_\_\_   25.   Would you have any difficulty in carefully considering all the evidence, or understanding that you must be convinced by a preponderance of the evidence before you could return a verdict in favor of the plaintiff?

\_\_\_\_\_   26.   The Court will instruct you that in arriving at a verdict you must not be motivated by sympathy for or prejudice against any party, and you must base your verdict solely on the evidence that will be produced in this courtroom pursuant to the Court's legal instructions.   Are any of you unwilling or unable to follow these rules?

_____ 27. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations, you must consider the opinions and points of your fellow jurors. In the final analysis, however, you must follow your own conscience and be personally satisfied with the verdict. Would you have any difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

_____ 28. Prior to your deliberations, the Court will tell you what law you must apply in this case in deciding the plaintiff's claims, which are based on a theory of violations of the Fair Credit Reporting Act. Do you think you can keep from deciding this case until you hear about the law on this theory, the potential defenses to it, and all of the other instructions?

_____ 29. Will you follow the instructions of the law that the Court will give you, regardless of whether or not you agree with those instructions?

_____ 30. I expect this case to last approximately **six** days. Do you have any longstanding personal, professional, or financial obligations, or other medical condition that would prevent you from giving your full attention to the proceedings or prevent you from being present in Court for the duration of the trial?

_____ 31. Does any member of the panel have strong moral or religious beliefs which would prevent them from reaching a verdict in this case?

\_\_\_\_\_   32.  Do any of you have any physical or medical problems that would interfere with your ability to see or hear the evidence in this case or make it difficult to give your full time and attention to this case? Are you taking any medication that might affect your ability to serve as a juror?

\_\_\_\_\_   33.  Is there any other reason that you can think of, whether or not it has been covered by a previous question, why you could not be a fair and impartial juror in this case?