**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GENNARO MATTIACCIO II, <br>     Plaintiff <br> v. <br> DHA GROUP, INC., *et al.*, <br>     Defendants | Civil Action No. 12-1249 (CKK) |

**ORDER**
(March 2, 2022)

This Fair Credit Reporting Act ("FCRA") case is currently in its fourth day of trial. Plaintiff principally claims that Defendants obtained a consumer report on, among other things, his criminal background, and in violation of 18 U.S.C. § 1681b. On cross-examination of Plaintiff, counsel for Defendant asked Plaintiff to identify what exhibit in the record is the "consumer report" relevant to Plaintiff's claims. Plaintiff pointed to the entirety of Joint Exhibit 8, which contains: (1) a memorandum from Nelson Blitz, Esq. ("Mr. Blitz"), outside counsel for Defendant DHA Group, Inc. ("DHA"), explaining the results of a search into Plaintiff's background, (2) a copy of a consumer report on Plaintiff obtained from the consumer reporting agency US Search, and (3) a copy of the docket in *United States v. Gennaro Mattiaccio II*, 1:03-mj-0321-BRP (E.D. Va.), in which Defendant pleaded guilty to a misdemeanor charge of improper use of Federal Bureau of Investigation seals. Defendants maintain that neither the memorandum nor the copy of the docket can be a "consumer report" within the meaning of the Fair Credit Reporting Act. The Court agrees.

For the purposes of the FCRA, a consumer report is

Any written, oral, or other communication of any information *by a consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity,

> character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part of the purposes of serving as a factor in establishing the consumer's eligibility for—
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
> (B) employment purposes; or
> (C) any other purpose authorized [by applicable law].

15 U.S.C. § 1681a(d)(1) (emphasis added). As a result, only a report authored by a "consumer reporting agency" can be a "consumer report" under the FCRA. *See Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 106 (2d Cir. 2019). The FCRA defines "consumer reporting agency" as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

*Id.* (f). Because Mr. Blitz, as outside counsel to DHA, does not "regularly engage[] . . . in the practice of assembling or evaluating consumer credit information,"—as Plaintiff concedes—any report that he prepared or search that he himself conducted cannot be a "consumer report" within the meaning of the FCRA. *See Mowrer v. U.S. Dep't of Transp.*, 14 F.4th 723, 731 (D.C. Cir. 2021) (the U.S. Department of Transportation cannot be a "consumer reporting agency" because it is not in the business of assembling or evaluating consumer credit information for credit or employment purposes); *Hartman v. Lisle Park Dist.*, 158 F. Supp. 2d 869, 876 (N.D. Ill. 2001) (attorney who prepares "a report . . . about an employee's transactions or experiences with the attorney's client" is not a "consumer reporting agency" because he acts as the client, not a third party).

Accordingly, the only exhibit that the jury may evaluate as an alleged "consumer report"

2

shall be Plaintiff's Exhibit 8, which is limited to the report Mr. Blitz obtained from US Reports.

**SO ORDERED.**

Date: March 2, 2022

_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge